UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PABLO ULLOA,

      Plaintiff,

   v.

C. OFFICER HEIDIMAN, *et al.*,

      Defendants.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 2-12-21

20-CV-3391 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

 Plaintiff Pablo Ulloa brings this action for damages alleging use of excessive force by Defendant C.O. Utomi Haidome.[1] For the reasons that follow, the Court dismisses this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

 Plaintiff filed his Complaint on April 30, 2020 against Defendants Haidome, the New York City Department of Corrections, the City of New York, and the State of New York. Dkt. 2. On May 8, 2020, the Court dismissed Plaintiff's claims against all Defendants other than Haidome. Dkt. 6. On October 31, 2020, Defendant Haidome filed a motion to dismiss the complaint for failure to state a claim. Dkt. 16. The Court ordered Plaintiff to file a memorandum of law in opposition to the motion to dismiss, should he wish to submit one, no later than December 28, 2020. Dkt. 20. The Court advised Plaintiff that if he did not intend to file an opposition, but wished to proceed with this lawsuit, he must inform the Court of this fact no later than December 28. *Id.* Plaintiff did not comply with this order.

 On January 11, 2021, the Court issued another order, directing Plaintiff to file either an opposition to the motion to dismiss or a letter informing the Court that he intended to proceed with his

---

[1] Plaintiff misidentified Defendant in his complaint as "C. Officer Heidiman." *See* Dkt. 2.

lawsuit no later than February 8, 2021. Dkt. 21. The order warned Plaintiff that "[f]ailure to comply with the Court's order will result in dismissal of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b)." *Id*. Plaintiff again failed to comply.

To date, the Court has received no communications from Plaintiff since April 2020.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id*. Because a Rule 41(b) dismissal is "the harshest of sanctions," it must be preceded by "'particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id*. at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc*., 708 F.3d 463, 467 (2d Cir. 2013)).

## DISCUSSION

These factors weigh in favor of dismissing this action under Rule 41(b).

First, the duration of Plaintiff's non-compliance is significant. Plaintiff has not complied with the Court's orders for nearly three months, despite the Court issuing multiple orders directing him to do so and granting him an extension of time to comply. *See, e.g*., *Singelton v. City of New York*, No. 14- CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under

2

Rule 41(b) where the plaintiff had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue").

Second, Plaintiff was on notice that his failure to comply would result in dismissal. In its January 11, 2021 order, the Court explicitly warned Plaintiff that that "[f]ailure to comply with the Court's order will result in dismissal of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b)." Dkt. 21; *see also Mitchell*, 708 F.3d at 468 (holding that a district court did not abuse its discretion in dismissing an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal").

Third, Plaintiff has been given multiple opportunities to be heard, as evidenced by the Court's repeated orders and extension of filing deadlines for Plaintiff's benefit.  Dkt. 20; dkt. 21.  This case has now been pending for nearly ten months without any communication from Plaintiff.  *See* Dkt. 2. Plaintiff's interest in pursuing this action is thus outweighed by the Court's need to manage its docket and its obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Nonetheless, because there are countervailing interests at play, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate here. *Baptiste*, 768 F.3d at 216.  This action has not substantially burdened the Court's docket, as the Court has not yet decided any substantive motions, held any hearings, presided over any discovery, or scheduled trial.  Further, "there is no evidence in the record that Plaintiff's delay . . . caused any particular, or especially burdensome, prejudice to [Defendant] beyond the delay itself." *See LeSane*, 239 F.3d at 210.  Accordingly, the Court finds that dismissal without prejudice is the appropriate sanction for Plaintiff's failure to comply with the Court's orders.  *See, e.g., Ortega v. Mutt*, No. 14-CV-9703 (JGK), 2017 WL 1133429, at *2

(S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (internal quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to close this case, and to mail this order to Plaintiff.

SO ORDERED.
Dated:   February 12, 2021
         New York, New York

　　　　　　　　　　　　　　　　　　　　　RONNIE ABRAMS
　　　　　　　　　　　　　　　　　　　　　United States District Judge